IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **RICHARD MACK CLOWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:09CV784** |
| | ) | |
| **MR. MITCHELL LOWERY,** | ) | |
| | ) | |
| Defendant(s). | ) | |

---

| | | |
|---|---|---|
| **RICHARD MACK CLOWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:09CV785** |
| | ) | |
| **MR. JAMES HALL,** | ) | |
| | ) | |
| Defendant(s). | ) | |

---

| | | |
|---|---|---|
| **RICHARD MACK CLOWERS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1:09CV786** |
| | ) | |
| **MR. MCCASE,** | ) | |
| | ) | |
| Defendant(s). | ) | |

---

| | |
|---|---|
| **RICHARD MACK CLOWERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV787 |
| | ) |
| **MR. MIKE JENKEN,** | ) |
| | ) |
| Defendant(s). | ) |

-------------------------------------------------------------------------------

| | |
|---|---|
| **RICHARD MACK CLOWERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV789 |
| | ) |
| **MR. JOE N. HERRON,** | ) |
| | ) |
| Defendant(s). | ) |

-------------------------------------------------------------------------------

| | |
|---|---|
| **RICHARD MACK CLOWERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:09CV790 |
| | ) |
| **MR. KENT,** | ) |
| | ) |
| Defendant(s). | ) |

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted six separate civil rights complaints, all brought pursuant to 42 U.S.C. § 1983. He has also filed an application to proceed *in forma pauperis*. A review of the complaints shows that all of the complaints stem from a single incident in which Plaintiff was subjected to prison disciplinary

proceedings. He alleges that he was falsely accused, wrongfully convicted, and improperly punished. Each of the defendants in the different suits played various roles in the disciplinary process. Plaintiff seeks equitable relief, as well as $250,000 in damages. Because of the similarity of the complaints, they will all be addressed together for purposes of this Order and Recommendation.

Unfortunately, all of Plaintiff's complaints must be dismissed. The problem is that:

1. As Plaintiff has been told previously, Plaintiff may no longer proceed *in forma pauperis* in this court unless he is under imminent danger of serious physical injury. The Act provides that:

    > In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    28 U.S.C. § 1915(g). In this court alone, Plaintiff has had over three cases dismissed on the grounds that they were frivolous. (Case nos. 1:01CV294; 1:00CV773; 6:95CV831.) Plaintiff has not made a showing of imminent danger of serious physical injury.

2. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the court, and one copy for each defendant named.

3. Given the related nature of the allegations against each defendant, Plaintiff should raise all of his claims against all defendants in a single lawsuit. To do otherwise would result in a waste of judicial and party resources.

Consequently, these complaints should be dismissed, but without prejudice to Plaintiff

filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present complaint and is accompanied by the $350.00 filing fee. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.* Sections (a) & (e)). *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

There is one other minor matter. Plaintiff has filed motions for appointment of counsel and motions for subpoenas or to schedule court appearances in each case. Because all of his actions should be dismissed, those motions will be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.* Sections (a) & (e)).

**IT IS THEREFORE ORDERED** that Plaintiff's motions for appointment of counsel and motions for subpoenas or to schedule court appearances are denied for being moot.

**IT IS RECOMMENDED** that these actions be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

                                                                            **Wallace W. Dixon, U.S. Magistrate Judge**

October 14, 2009